IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ADAM WALKER,                        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Case No. 08-3426-CV-S-REL
                                    )
BRADLEY T. BARRETT,                 )
                                    )
LOGAN-ROGERSVILLE R-VIII            )
SCHOOL DISTRICT,                    )
                                    )
and                                 )
                                    )
JOHN HETHERINGTON,                  )
                                    )
            Defendants.             )

## ORDER GRANTING MOTION TO DISMISS

      Before the court is a motion to dismiss filed by defendants
Logan-Rogersville R-VIII School District ("the school district")
and John Hetherington, and an amended motion to dismiss.
Defendants argue, among other things, that a five-year statute of
limitations applies to all of the claims against the defendants
and expired prior to the filing of this lawsuit.  Defendant
Bradley Barrett joined in the statute of limitations portion of
the motions.  With respect to defendants School District and
Hetherington, I find that (1) the Missouri childhood sexual abuse
statute providing for a ten-year statute of limitations does not
apply to non-perpetrator defendants, and (2) all of the claims
against the School District and John Hetherington are barred by
the applicable five-year statute of limitations.  With respect to
defendant Barrett, I find that Counts III, IV, VII, and VIII,

(and to the extent plaintiff intended defendant Barrett to be included in Count VI, that count as well) are barred by the five-year statute of limitations.

## I.  BACKGROUND

According to the facts alleged in the complaint, which are assumed to be true for purposes of this motion, defendant Barrett was a vocal music teacher employed by the defendant School District, and defendant Hetherington was the principal at Logan-Rogersville High School.  Defendant Barrett was plaintiff's music teacher and began sexually abusing plaintiff in 1992 when plaintiff was 15 years old.  The abuse included fellatio, forced fellatio, fondling, and masturbation and continued through 1995. The abuse occurred at Barrett's residence; at plaintiff's residence; on the school district's property; in Tulsa, Oklahoma; Washington, D.C.; Baton Rouge, Louisiana; Jonesboro, Arkansas; Northfield, Minnesota; Ames, Iowa; San Antonio, Texas; England; The Netherlands; Germany; and France.  Barrett used his position as the music teacher and the promise of travel with high school choral programs to commit the sexual abuse.

On November 19, 2008, plaintiff filed a complaint against the three defendants in the following counts:

1.    Childhood sexual abuse against Bradley Barrett.

2.    Childhood sexual abuse against the School District and John Hetherington.

3. Breach of fiduciary/confidential relationship against Bradley Barrett, the School District, and John Hetherington.

4. Negligent failure to supervise children against Bradley Barrett, the School District, and John Hetherington.

5. School District liability under Title IX.

6. Section 1983 liability, against no specified defendant.

7. Intentional infliction of emotional distress against Bradley Barrett, the School District, and John Hetherington.

8. Negligent infliction of emotional distress against Bradley Barrett, the School District, and John Hetherington.

9. Premises liability against the School District.

Defendants School District and Hetherington filed a joint motion to dismiss (document number 21), arguing that the statute of limitations has run and that the claims against them are barred by the doctrine of sovereign immunity.

Plaintiff filed suggestions in opposition both to the motions to dismiss and to defendant Barrett's joining in the motions.

## II. *MOTION TO DISMISS*

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-24 (8th Cir. 2008), cert. denied, 129 S. Ct. 1000 (2009).

In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools, -- F.3d --; 2010 WL 27047 (8th Cir., January 7, 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove. See John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 753 (2008); Fed. R. Civ. P. 8(c). A defendant does not render a complaint defective by pleading an affirmative defense, Gomez v. Toledo, 446 U.S. 635, 640 (1980), and therefore the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense. Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). In Varner v. Peterson Farms, 371 F.3d 1011, 1017-18 (8th

Cir. 2004), the court held that dismissal was proper because the complaint itself ruled out tolling of statute of limitations:

> [T]he Varners also included in their complaint that "[a]lthough Plaintiffs were suspicious that the figures given to them were fraudulent, this was the first evidence that the Plaintiffs could obtain to prove their suspicions." This added statement noting the Varners' suspicions defeats their claim that the statute of limitations was tolled. Clearly, the Varners suspected that Decatur Bank and Peterson Farms provided allegedly fraudulent information to induce them to contract for property and poultry businesses. However, they failed to act at any time within three years of the contracts' creation. In fact, for nearly six years -- from 1996 to 2002 -- the Varners failed to act with due diligence, despite their suspicions, to discover any facts that could support their fraud or civil conspiracy claims.

Id.

## A.     COUNT II, CHILDHOOD SEXUAL ABUSE

In Count II, plaintiff alleges childhood sexual abuse against defendants School District and Hetherington. (There is no motion before me to dismiss Count I, childhood sexual abuse against defendant Bradley Barrett.)

The parties agree that R.S. Mo. § 537.046[1] permits a plaintiff to file a lawsuit until his 31st birthday, and plaintiff filed this action three days before his 31st birthday.

---

[1]The relevant portion of § 537.046 reads as follows: "2. Any action to recover damages from injury or illness caused by childhood sexual abuse in an action brought pursuant to this section shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs."

Because the statute states that the action must be brought "pursuant to this section" in order for the ten-year limitations period to apply, the question is whether the action against the School District and Hetherington is "pursuant to" § 537.046. If not, then the five-year limitations period in §516.120 applies.

In Count II, plaintiff contends that the School District and Hetherington aided and abetted or, alternatively, ratified defendant Barrett's sexual abuse and that both the School District and Hetherington are therefore liable under R.S. Mo. § 537.046. The issue at hand is whether § 537.046 extends liability to collateral defendants, in this case the School District and Hetherington, the principal of the School District and a non-perpetrator. If so, then the ten-year statute of limitations applies and Count II is timely. If not, then the general five-year statute of limitations applies and Count II is time-barred.

Section 537.046 was enacted in 1990 to provide victims of childhood sexual abuse with a separate cause of action to recover for the injuries they sustained at the hands of a criminal perpetrator. Part one defines childhood sexual abuse as "any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which would have been a violation of" certain enumerated

sexual crimes.[2]  R.S. Mo. § 537.046 (2009) (emphasis added).

Part two provides that "any action to recover damages from injury

or illness caused by childhood sexual abuse in an action brought

pursuant to this section shall be commenced within ten years[3] of

the plaintiff attaining the age of twenty-one or within three

years of the date the plaintiff discovers . . . the abuse."  Id.

(emphasis added).  As applied to the case at hand, defendant

Barrett's alleged behavior falls within the purview of paragraph

one.  It is the behavior of defendants School District and

Hetherington with which the pending motion deals.

Under current Missouri law, the issue of whether § 537.046

extends liability to collateral defendants remains undecided.

However, in H.R.B. v. Rigali, 18 S.W.3d 440, 443 (Mo. Ct. App.

2000), the court stated,

> The parties are in agreement that the statute of
> limitations, section 537.046, R.S. Mo. (1994), applying to
> civil actions for childhood sexual abuse, enacted in 1990

---

[2]Sections 566.030 (rape), 566.040 (sexual assault), 566.060
(forcible sodomy), 566.070 (deviate sexual assault), 566.090
(sexual misconduct in the first degree), 566.100 (felony sexual
abuse), and 568.020 (felony incest).  Several other sections
which appear in this statute have since been repealed (566.050,
566.080, 566.110, and 566.120).

[3]As originally enacted, the statute permitted civil actions
for damages suffered as a result of childhood sexual abuse
brought within five years of the plaintiff's eighteenth birthday,
or within three years of the date the plaintiff discovered or
reasonably should have discovered that the injury or illness was
caused by child sexual abuse.  The statute was amended in 2004
extending the limitations period to ten years beyond a victim's
21st birthday.

does not apply to the facts of their case.  Therefore,
Plaintiff's action for intentional failure to supervise can
only survive if brought within the five-year statute of
limitations set forth in section 516.120(4).

The lawsuit had been brought against the Archbishop and the

Diocese for intentionally failing to supervise a priest who

sexually molested the plaintiff.  Although the issue of

collateral application was not before the court, it seems likely

that if the court disagreed with the parties' understanding that

§ 537.046 does not apply to collateral defendants, it would not

have proceeded as it did, i.e., in agreement that § 537.046 does

not apply to collateral defendants.  This case, although not

authority, does generally lead one to anticipate that the

Missouri courts would hold that § 537.046 does not apply to

collateral defendants if the issue were presented.

Additionally, several Missouri courts, in unpublished

opinions, have held that § 537.046 does not apply to a business

entity.  In an order filed on March 10, 2008, in <u>Timothy P.

Dempsey and John Doe CL v. Father Robert Johnston, Archdiocese of

St. Louis, and Archbishop Raymond Burke</u>, 22042-09280, Circuit

Judge Donald McCullin of the 22nd Judicial Circuit in the City of

St. Louis held that § 537.046 does not apply to a non-perpetrator

defendant. (See Exhibit C to defendants' motion to dismiss,

document number 21-3).  Circuit Judge John Riley, also of the

22nd Judicial Circuit in the City of St. Louis, issued an

identical ruling on February 25, 2005, in <u>Allen Klump v. Father</u> <u>Michael S. McGrath and the Archdiocese of St. Louis</u>, 032-01727 (See Exhibit D to defendants' motion to dismiss, document number 21-4).

In <u>C.J.C. v. Corporation of the Catholic Bishop of Yakima</u>, 985 P.2d 262 (Wash. 1999), the court was faced with whether a civil statute for childhood sexual abuse "contemplates causes of action sounding in negligence. If it does, we must then decide whether the definition of 'childhood sexual abuse' contained in subsection (5) nevertheless limits the act's applicability only to claims brought by a victim against the actual perpetrator of the abuse." <u>Id</u>. at 708. The Washington court held that because the dictionary defines "base" as "that on which something rests or stands: foundation . . . the point or line from which a start is made in an action or undertaking", under the plain meaning of the statute, an action is "based on intentional conduct" if intentional sexual abuse is the starting point or foundation of the claim. Therefore, the court held that negligent conduct could be covered by the statute since the starting point of the negligence claim was intentional sexual misconduct by someone else. In Washington State, even medical malpractice cases can be brought under the childhood sexual abuse statute if child sexual abuse forms the grounds for the action. <u>Id.</u>; <u>DeYoung v.</u> <u>Providence Medical Center</u>, 960 P.2d 919 (Wash. 1998).

The Washington statute reads, "All claims or causes of action <u>based on intentional conduct</u> brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of" three different time periods. R.C.W. 4.16.340 (emphasis added). Contrast this with the Missouri statute which reads, "any act <u>committed by the defendant</u> against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which <u>would have been a violation of</u>" various criminal sexual statutes. R.S. Mo. § 537.046. Clearly the Missouri statute is not prone to the same type of interpretation as the Washington statute.

In <u>Kelly v. Marcantonio</u>, 678 A.2d 873 (R.I. 1996), the childhood sex abuse statute was similar to the one in Washington. The Rhode Island statute reads:

> (a) All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within seven (7) years. . . .

However, the Rhode Island statute also includes the following section:

> (e) As used in this section, "childhood sexual abuse" means any act committed <u>by the defendant</u> against a complainant who was less than eighteen (18) years of age at the time of the act and which act <u>would have been a criminal violation</u> of chapter 37 of title 11.

R.I. Gen Laws § 9-1-14 (emphasis added).

10

Because of subsection (e), the Rhode Island statute is more similar to the childhood sex abuse statute in Missouri in that it specifically states that the act must be committed "by the defendant" and that the act must have been a violation of a criminal statute dealing with sexual offenses.

The court in Rhode Island was faced with the question whether § 9-1-14 applied to various Church-employers of the accused priest-perpetrators, the Roman Catholic Bishop of Providence, and other non-perpetrator-agents of the Diocese of Providence. The Court held that it did not:

> [T]he only intended target of the legislation is the person who at the time of the abuse would have been subject to criminal prosecution pursuant to chapter 37 of title 11 of our General Laws. That person under our law can only be the person who actually commits the criminal sexual act, namely, the perpetrator, and not his or her employer or supervisor, unless that employer or supervisor actually aids and assists in the commission of the criminal act to the degree that he or she would be subject to prosecution under chapter 37 of title 11 as a principal.

Id. at 876.

I find the reasoning of the Rhode Island Supreme Court to be persuasive, especially since the language of the statute at issue in that case is very similar to the language of the Missouri statute.

In this case, plaintiff does not allege that defendant Hetherington personally committed any abuse. Similarly, the School District, as a non-human entity, is not capable of

committing the abuse encompassed by § 537.046. To circumvent this problem, plaintiff alleges that both the School District and Hetherington "aided and abetted" defendant Barrett in committing the abuse.

In Missouri, "a person is criminally responsible for the conduct of another when 1) the statute defining the offense makes him so responsible; or 2) either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." R.S. Mo. § 562.041 (2009). As stated earlier, § 537.046 does not hold the School District or Hetherington collaterally liable for Barrett's alleged actions. Plaintiff has not alleged in his complaint that the defendants acted with any purpose to aid or commit the crime in question and instead alleged only that the School District and Hetherington aided and abetted Barrett. The complaint includes no factual basis for this allegation. According to Ashcroft v. Iqbal, 129 U.S. 1937 (2009), pleading mere conclusory statements is not sufficient to survive a motion to dismiss. Therefore, the plaintiff's aiding abetting argument fails.

Plaintiff also contends that the School District and Hetherington ratified defendant Barrett's conduct, making them

liable under § 537.046.  As explained in <u>Vogel v. A.G. Edwards &</u>
<u>Sons</u>, 801 S.W.2d 746, 756 (Mo. Ct. App. 1990), "ratification is
an act by a principal whereby he adopts or confirms an act of
another purposed to have been done on behalf of the principal."
Critically, this requires that the principal have knowledge of
all material facts. <u>Id.</u>  Plaintiff alleges that the School
District and Hetherington "either knew or reasonably should have
known of Defendant Barrett's unlawful and abusive conduct,
assault, and battery of the plaintiff" and that by failing to
repudiate Barrett's actions they ratified his conduct.  Applying
the <u>Iqbal</u> standard to the complaint, plaintiff merely makes "bare
assertions" that "amount to nothing more than a formulaic
recitation of the elements" required under that theory.
Accordingly, because the complaint does not allege enough facts
to nudge the plaintiff's claim from conceivable to plausible, the
plaintiff's argument must also fail in this regard.  <u>See</u> <u>Ashcroft</u>
<u>v. Iqbal</u>, 129 U.S. at 1952.

Therefore, because § 537.046 can only reasonably be
interpreted to exclude non-perpetrator defendants, the motion to
dismiss Count II will be granted.  Additionally, even if there
were legal support for an aiding and abetting theory or a
radification theory, the motion to dismiss this count would be
granted because (1) plaintiff has not pled any facts to support

an aiding and abetting theory, and (2) plaintiff has not pled any facts supporting a radification theory.

**B.**   ***COUNTS III, IV, VII, VIII, AND IX***

Defendant School District and defendant Hetherington move to dismiss Count III (Breach of Fiduciary Duty/Confidential Relationship), Count IV (Negligent Failure to Supervise Children), Count VII (Intentional Infliction of Emotional Distress), Count VIII (Negligent Infliction of Emotional Distress), and Count IX (Premises Liability).  Each of these actions are grounded in common law jurisprudence and are governed by Missouri's general five-year statute of limitation on tort actions.  <u>See</u> R.S. Mo. § 516.120(4) (2009) (requiring that "an action . . . for any other injury to the person or rights of another" is limited by a five-year statute of limitations).

In Missouri, a cause of action accrues when the "damage resulting therefrom is sustained and capable of ascertainment." R.S. Mo. § 516.100 (2009).  If the cause of action accrues prior to the age of 21, however, the applicable statute of limitations does not begin to run until the plaintiff reaches 21.  R.S. Mo. § 516.170 (2009) (indicating that a plaintiff "shall be at liberty to bring such actions within the respective times . . . after such disability is removed").  When facts relevant to determining whether an action has accrued are undisputed by the parties, the

question is a matter of law.  <u>Powel v. Chaminade College Prep.</u>,
197 S.W.3d 576 (Mo. banc 2006).  When contradictory or different
conclusions may be drawn as to when the statute began to run, the
issue becomes a question for the jury.  <u>Id</u>.  For childhood sexual
abuse cases, such as the case at bar, the issue of determining
when a cause of action accrues has been widely disputed.  It is
important to note that the ten-year statute of limitations period
contained in § 537.046 applies only to a plaintiff's claims for
childhood sexual abuse brought pursuant to that statute.  It does
not apply to any other tort claims the victim may have that may
be related to the sexual abuse, such as the ones discussed in
this section.

In <u>Powel</u>, the Missouri Supreme Court addressed the issue of
when damages become capable of ascertainment and sought to
provide a clear standard for courts to apply in such childhood
abuse cases.  In that case, a 44-year old man brought a childhood
sexual abuse claim against his high school and claimed that due
to repressed memory the damages were not capable of ascertainment
until shortly before filing his lawsuit.  Ultimately, the court
held that "the capable of ascertainment test is an objective one"
and that the statute of limitations begins to run when "a
reasonable person would have been put on notice that an injury
and substantial damages may have occurred and would have
undertaken to ascertain the extent of the damages."  <u>Id.</u> at 584.

In the case at hand, plaintiff alleges that defendant Barrett "sexually abused the Plaintiff beginning when he was 15 years old and continuing through his high school years." Plaintiff's Complaint, paragraph 13.  Plaintiff further alleges that "as a result of the above-described acts, the plaintiff has suffered and continues to suffer significant and physically diagnosable emotional distress, embarrassment, loss of self-esteem" and the like.  Plaintiff's Complaint, paragraph 27. Plaintiff contends, in his response opposing the defendants' motion to dismiss, that a reasonable person may not be put on notice of damages stemming from the abuse until a later date. Plaintiff further argues that "in the real world, [the] reasonable person may very well assimilate into his belief system and personality structure that the abuse was something else -- anything from a character flaw or sexual identity issue of their [sic] own to believing that the abuse was love."  Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss, at 16.

Ashcroft v. Iqbal, 129 U.S. 1937 (2009), requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Bare assertions which amount to "nothing more than a formulaic recitation of the elements" are not sufficient to withstand a motion to dismiss.  Id. at 1949.  Here, plaintiff alleges in his

complaint that he was subject to "forced fellatio" from the age of 15 through his high school years. The complaint on its face establishes that plaintiff's damages were capable of ascertainment. Using either an objective standard or even a subjective standard, it is clear that plaintiff or any reasonable person would be on notice that he was wronged if he were subject to "forced" fellatio.[4]

Furthermore, although plaintiff argues in his response to the motion to dismiss that a reasonable person may "assimilate into his belief system and personality structure that the abuse was something else -- anything from a character flaw or sexual identity issue of their [sic] own to believing that the abuse was love", this is irrelevant to the motion before me. Nowhere in plaintiff's complaint does he allege that he assimilated into his belief system or personality structure that the abuse was anything but abuse. Not only does this not describe the "reasonable person," it does not even describe plaintiff, according to his complaint. While cases in Missouri do exist where the plaintiff has not been capable of ascertaining the damage until a later date, the delay has always been caused by

_____

[4]In <u>Graham v. McGrath</u>, 243 S.W.3d 459, 463 (Mo. Ct. App. 2007), the plaintiff, despite knowledge of the wrongful acts, claimed he was not aware that he had been injured by the acts. The court rejected that argument as subjective and found that because the plaintiff did not allege suppressed memory, the damages were "capable of ascertainment" upon his 21st birthday.

17

repressed memory of the abuse, a factor which has not been pled in this case.

Plaintiff's complaint states that his date of birth is November 22, 1977.  The alleged abuse occurred while the plaintiff was between the ages of 15 and 18 years old.  The applicable five-year statute of limitations was tolled, pursuant to § 516.170, until November 22, 1998.  Absent exception, the statute of limitations ran on November 22, 2003.  The plaintiff has not pled any facts sufficient to indicate that the statute of limitations was tolled beyond November 22, 2003.  Accordingly, because plaintiff filed his complaint on November 18, 2008 -- five years after the applicable statute of limitations expired -- Counts III, IV, VII, VIII, and IX of his complaint are time barred and will be dismissed.

## C.   *COUNTS V AND VI*

Counts V and VI are claims for School District Liability under Title IX and § 1983 Liability.

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court held that pursuant to 42 U.S.C. § 1988, a state's statute of limitations relating to personal injury is applicable to § 1983 litigation.  In Missouri, the general statute of limitations for personal injury actions is five years.  R.S. Mo. § 516.120(4) (2009) (requiring that "an action . . . for any other injury to

the person or rights of another" is limited by a five-year statute of limitations).  Similar to § 1983, Title IX of the Education Amendments of 1972 does not contain a statute of limitations.  Accordingly, in <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 617-18 (8th Cir. 1995), the Eighth Circuit found that the applicable statute of limitations for Title IX actions is the one used for § 1983 actions.

For the same reasons discussed above, therefore, plaintiff's claims as alleged in Counts V and VI, governed by Missouri's general statute of limitations, are time barred.  Counts V and VI will therefore be similarly dismissed.

### III.  *CONCLUSION*

Based on all of the above, I find that (1) a statute of limitations defense is appropriate in this motion to dismiss because the complaint itself rules out tolling of the statute of limitations, (2) the Missouri childhood sexual abuse statute providing for a ten-year statute of limitations does not apply to non-perpetrator defendants, and (3) all of the claims against the School District and John Hetherington are barred by the applicable five-year statute of limitations.  With respect to defendant Barrett, I find that Counts III, IV, VII, and VIII, (and to the extent plaintiff intended defendant Barrett to be included in Count VI, that count as well) are barred by the five-year statute of limitations.  Therefore, it is

ORDERED that the motion to dismiss all of plaintiff's claims except Count I is granted. The following counts are dismissed:

2.    Childhood sexual abuse against the **School District** and **John Hetherington** is dismissed because (1) the statute does not apply to non-perpetrator defendants and the five-year statute of limitations under any other theory has run.

3.    Breach of fiduciary/confidential relationship against **Bradley Barrett**, the **School District**, and **John Hetherington** is dismissed due to expiration of the statute of limitations.

4.    Negligent failure to supervise children against **Bradley Barrett**, the **School District**, and **John Hetherington,** is dismissed due to expiration of the statute of limitations.

5.    **School District** liability under Title IX, is dismissed due to expiration of the statute of limitations.

6.    Section 1983 liability, apparently against unspecified defendants is dismissed due to expiration of the statute of limitations.

7.    Intentional infliction of emotional distress against **Bradley Barrett**, the **School District**, and **John Hetherington** is dismissed due to expiration of the statute of limitations.

8.    Negligent infliction of emotional distress against **Bradley Barrett**, the **School District**, and **John Hetherington** is dismissed due to expiration of the statute of limitations.

9.   Premises liability against the **_School District_** is dismissed due to expiration of the statute of limitations.

                                        /s/ Robert E. Larsen
                                        ROBERT E. LARSEN
                                        United States Magistrate Judge

Kansas City, Missouri
January 22, 2010