```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  WESTERN DISTRICT OF MISSOURI
                        SOUTHERN DIVISION

ADAM WALKER,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )   Case No. 08-3426-CV-S-REL
                                )
BRADLEY T. BARRETT,             )
                                )
          Defendant.            )
```

## ORDER

Before the court is defendant's motion for reconsideration of the order denying defendant's motion to dismiss count one of the complaint. For the following reasons, defendant's motion is reconsidered, and defendant's motion to dismiss count one will be granted on the ground that the statute of limitations has expired.

According to the facts alleged in the complaint, which are assumed to be true for purposes of this motion, defendant Barrett was a vocal music teacher employed by the Logan-Rogersville High School. Defendant Barrett was plaintiff's music teacher and began sexually abusing plaintiff in 1992 when plaintiff was 15 years old. The abuse included fellatio, forced fellatio, fondling, and masturbation and continued through 1995.

On November 19, 2008, plaintiff filed a complaint against defendant alleging (1) childhood sexual abuse, (2) negligent failure to supervise children, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional

distress.  All of plaintiff's claims except the childhood sexual abuse claim were dismissed in a previous order on the ground that the applicable statutes of limitation had run.

Defendant Barrett then filed a motion to dismiss count one on the ground that the applicable statute of limitation ran in November 2000.  That motion was denied on the ground that defendant cited to the 1990 version of R.S. Mo. § 537.046 -- which contained a five-year statute of limitation period -- when that statute provided in 2004 for a ten-year statute of limitations period beyond a victim's 21st birthday.  The order concluded as follows:

> . . . [D]efendant's citation to the 1990 version of § 537.046 is inapplicable to this case.  Plaintiff alleges he was aware of the abuse prior to his 18th birthday.  R.S. Mo. § 537.046 tolls the statute of limitations until ten years after plaintiff's 21st birthday, or until he turned 31.  This ten-year statute of limitations applies because plaintiff's lawsuit was filed after 2004. Because plaintiff filed the lawsuit prior to his 31st birthday, [the motion to dismiss was denied].

Defendant thereafter filed a motion to reconsider:

> Regrettably, counsel for Plaintiff premised the recent Motion to Dismiss Count I on the 1990 version of §537.046 (RSMo. 1990) without fully articulating the reason why it is this statute and not the 2004 Amendment to §537.046 that applies. Counsel omitted articulation of the legal rationale for application of the 1990 statute on the perhaps mistaken expectation that, since Ms. Randalls was an attorney of record and argued on behalf of Appellant in the case of <u>Doe v. Roman Catholic Diocese of Jefferson City</u>, 826 S.W. 2d 338 (Mo. 1993) that . . . definitively and conclusively establishes that the 1990 version of §537.046 applies to bar Plaintiff's Complaint in this case, it was not necessary to further elucidate Plaintiff's position. In light of the Court's Order denying the Motion (Doc. No. 62), counsel for

2

Barrett now recognizes that more extensive legal rationale in support of Defendant's Motion would have been helpful to the Court.

Defendant points out that the Missouri Supreme Court held in Doe v. Roman Catholic Diocese of Jefferson City, 826 S.W.2d 338 (Mo. 1993), that the section of § 537.046 providing for application of the limitations period "to any action commenced on or after [the enactment of the statute] including any action which would have been barred by the application of the statute of limitation applicable prior to that date", was unconstitutional; and that the very same language is used in the 2004 amendment to § 537.046 (which extends the limitations period to ten years beyond a plaintiff's 21st birthday). Therefore, defendant argues, because the statute of limitations applicable to this case at the time the offense of childhood sexual abuse was reasonably discoverable by plaintiff was the five-year statute of limitations set out in the 1990 version of § 537.046, that statute ran prior to the enactment of the ten-year limitations period in the 2004 amendments and application of the new ten-year limitations period is unconstitutional.

In plaintiff's response, he provides a lengthy recitation of the evils of childhood sexual abuse, citing numerous psychological journals.[1] Plaintiff then argues that because the

---

[1] I am by no means unsympathetic to the plaintiff in this case. However, I am bound to uphold the law and may not reach a legal result based on the malevolence or destructive effect of a

3

statute of limitations begins to run three years following the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by childhood sexual abuse,[2] and he "did not begin to discover his injury from the abuse he endured at the hands of his choral teacher until approximately 2006", that the appropriate statute of limitations would not have run until plaintiff reached the age of 31.

On August 28, 1990, R.S. Mo. § 537.046 was enacted by the Missouri legislature. That statute, the "childhood sexual abuse" statute, created a limitations period of five years from the victim's 18th birthday or three years from the date the victim discovered or reasonably should have discovered that the injury was caused by childhood sexual abuse, whichever later occurs. Subsection 3 reads as follows:

> This section shall apply to any action commenced on or after August 28, 1990, including any action which would have been barred by the application of the statute of limitation applicable prior to that date.

In Doe v. Roman Catholic Diocese of Jefferson City, 862 S.W.2d 338 (Mo. banc 1993), the Missouri Supreme Court held that "to the extent that § 537.046 authorizes causes of action that

---

certain set of facts.

[2]Section 537.046 states that the statute shall begin to run on the plaintiff's 18th birthday or three years following the date the plaintiff discovers or reasonably should have discovered the injury or illness was caused by childhood sexual abuse, whichever later occurs.

4

would have been barred under these or other statutes of limitation, it clearly contravenes the constitutional prohibition against retrospective laws."

In 2004 the Missouri legislature amended § 537.046 to extend the statute of limitation to ten years after the victim's 21st birthday or three years after the victim discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs. The 2004 amendments include the same language in subsection 3:

> This section shall apply to any action commenced on or after August 28, 2004, including any action which would have been barred by the application of the statute of limitation applicable prior to that date.

Because the language is the same, the holding of Doe v. Roman Catholic Diocese of Jefferson City, 862 S.W.2d 338 (Mo. banc 1993), applies to the 2004 amendment to the same extent it applied to the 1990 version of the statute.

In 1992, plaintiff was 15 years old and the abuse allegedly began and continued until 1995 when plaintiff was 18 years old. In my order dismissing the childhood sexual abuse case against the school district and the defendant principal, I held that plaintiff's damages were capable of ascertainment by his 18th birthday, which was in November 1995. Because in 1995 the statute of limitations for childhood sexual abuse was five years, the statute ran in November 2000. The extension of the statute to ten years after a victim's 21st birthday was not passed until

5

2004. Because by then the defendant had a "vested right to be free from suit," Doe v. Roman Catholic Diocese of Jefferson City, supra, applying the 2004 amendment to the present case violates the constitution's prohibition against retrospective laws.

In order to get around this, plaintiff argues that he did not begin to discover his injury from the abuse until approximately 2006. However, that assertion will not defeat this motion to dismiss because I have already held that plaintiff reasonably could have (and in fact did, according to his complaint) discover that the injury or illness was caused by childhood sexual abuse by 1995.

Therefore, because the statute of limitation for a childhood sexual abuse claim was five years at the time plaintiff suffered, discovered, and ascertained the alleged abuse, and because the five-year limitations period ran prior to the enactment of the 2004 amendments to R.S. Mo. § 537.046, count one must be dismissed.

It is

ORDERED that defendant's motion to dismiss count one of the complaint is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 9, 2010